## Seisel & Brother *vs.* Register.

1. The verdict is not contrary to law or the evidence.
2. Where land was sold under a *fi. fa.*, which the sheriff delivered to the clerk with his deed to the purchaser, for the purpose of recording both, a sufficient foundation for the introduction of parol testimony as to the contents and entries on the *fi. fa.* is not laid by showing that neither the sheriff nor clerk can now find it; the purchaser should be inquired of concerning it, he being a witness in court.

New Trial. Evidence. Before Judge MERSHON. Dodge Superior Court. May Term, 1880.

To the report contained in the decision it is only necessary to add the following :

Plaintiffs sought to show that they did not hold the land as payment of the debt ; that it had been levied on and sold as the property of defendant under a justice court *fi. fa.*, and they had bought it. One of them was on the stand as a witness, but stated nothing about the possession of the *fi. fa.* It was shown by the sheriff and clerk that the former turned over the *fi. fa.* to the latter for record with the deed to the purchasers, that the deed was recorded, but the *fi. fa.* was not, and that neither the sheriff nor clerk could find it. Plaintiffs offered to prove the contents of the *fi. fa.* and its entries by parol. This was rejected, and is one of the errors alleged.

L. A. HALL ; R. K. HINES ; E. HERRIMAN, for plaintiffs in error.

No appearance for defendant.

CRAWFORD, Justice.

Seisel & Brother sued T. S. Register on an open account for about one thousand dollars. Register pleaded payment, and upon the trial of the case the jury found a verdict in his favor.

The plaintiffs moved for a new trial on the grounds :

1. That the verdict was contrary to law.

2. That it is contrary to the charge of the court.

3. Contrary to and without evidence to support it.

4. Contrary to equity and justice.

5. That the court erred in refusing to hear oral testimony as to the contents and entries upon a *fi. fa.* in favor of L. M. Peacock *vs.* T. S. Register, under which a storehouse and lot were sold, and which house and lot were deeded by Register to Seisel & Brother, upon the showing made as to its loss.

Grounds numbered 2, 3, 5, must control this case.

1. The defendant in this suit bought, as is admitted, $2000.00 worth of goods from the plaintiffs for half of which he paid the money, and made a deed conveying his store-house and lot to the plaintiffs for the sum of $1000.00, as he swears, in payment of the other half. This the plaintiff Seisel denies, and swears that the deed was only to *secure the payment* of the money, and *payment*, therefore, or *security*, is the controversy in this suit .

The jury on the trial said by their verdict that the deed was *payment*, and this court is called upon to hold that they found contrary to evidence.   We look upon the cold lifeless, written testimony as sent up in the record ; they had before them, and looked upon, heard, knew and judged the living witnesses as each one came to the stand. The plaintiff swore the deed was only intended as security ; the defendant that it was in full payment and satisfaction of the account.   Neither was impeached.   The jury decided that the truth was with the defendant, and the judge would not overrule their finding ; neither should we.   The defendant's testimony is sufficient to support the verdict.   No other witness was present at the contract.

The second ground is that the verdict is contrary to the charge of the court.

The charge not being in the record, we cannot consider this ground.

2. The fifth ground of the motion for a new trial is in substance, that the judge refused to hear testimony as to the entries upon and the contents of a *fi. fa.* which had been lost, and under which the house and lot in dispute had been sold as the property of Register.   On this ground the ruling of the judge was right, because the foundation was not fully laid without the testimony of Seisel, who was the purchaser and a party plaintiff as well as a witness in the suit.

Judgment affirmed.